IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-177-1H
No. 5:17-CV-297-H

DERRICK LAMONT TAYLOR,  )
    Petitioner,  )
      )
      )
  v.  )  **ORDER**
      )
      )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #56], and the government's motion to dismiss petitioner's motion to vacate, [DE #62], to which petitioner responded, [DE #65]. Petitioner also submitted two letters, [DE #66 and DE #67], inquiring as to the status of his § 2255 motion and requesting "jail credit," respectively. This matter is ripe for adjudication.

## BACKGROUND

On November 9, 2015, petitioner pled guilty, without a signed Memorandum of Plea Agreement, to failure to register as a sex offender, in violation of 18 U.S.C. § 2250 (Count One). Petitioner was sentenced by this court to a total term of imprisonment of 21 months on February 11, 2016. Petitioner appealed, and the Fourth

Circuit affirmed the district court by unpublished opinion on November 14, 2016. [DE #50].

On June 12, 2017, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #56], arguing (1) that the district court erred in not finding it had discretion to order the defendant's sentence to be served concurrently to his state court sentence; and (2) that the Fourth Circuit Court of Appeals erroneously concluded the district court's sentence conformed with the reasonableness standard of Gall v. United States, 552 U.S. 38, 51 (2008). [DE #56 at 4-5].

**COURT'S DISCUSSION**

Both of petitioner's claims have already been reviewed by the Fourth Circuit Court of Appeals during his direct appeal. As to his first claim, the Fourth Circuit found no error, noting "the record reveals that the district court understood its authority to impose concurrent sentences." [DE #50 at 3].[1]

As to petitioner's second claim, that the district court failed to set a start date for his federal sentence, the Fourth Circuit also disposed of this argument on appeal. [Id. ("Nor did the court err by omitting a start date from the judgment.") (internal citations omitted)]. Finally, to the extent petitioner's second claim attempts to have this court review an

---

[1] To the extent petitioner in his footnote requests credit for "jail time" already served, this argument is foreclosed by its prior review by the Fourth Circuit. [DE #67].

2

error allegedly committed by the Fourth Circuit Court of Appeals, this court is without authority to review such a claim, and therefore the claim is dismissed.

The government's motion to dismiss is therefore, GRANTED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #62], is hereby GRANTED, and petitioner's motion to vacate, [DE #56], is hereby DISMISSED. Petitioner's letters have been addressed herein. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 27th day of March 2020.

                                  Malcolm J. Howard
                                  Senior United States District Judge

At Greenville, NC
#35